UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

STEPHEN MICHAEL MICHUDA,           Civil No. 11-1028 (ADM/JJK)
                                                 Civil No. 11-1029 (ADM/JJK)
            Petitioner,                  Civil No. 11-1030 (ADM/JJK)

v.

                                                  **REPORT AND RECOMMENDATION**

STATE OF MINNESOTA,

            Respondent.

These three cases, (all bearing the same caption), are before the undersigned United States Magistrate Judge on Petitioner's three separate applications for a writ of habeas corpus under 28 U.S.C. § 2254. These matters have been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. The Court has determined that it would be most efficient to address all three of Petitioner's habeas corpus petitions together in a single report and recommendation to be filed in all three cases.

For the reasons discussed below, the Court finds that all three of Petitioner's current habeas corpus petitions are barred by the statute of limitations prescribed by 28 U.S.C. § 2244(d)(1). The Court will therefore recommend that all three of these actions be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I. BACKGROUND**

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

In 1994, Petitioner pled guilty in the state district court for Hennepin County, Minnesota, to a charge of second degree criminal sexual conduct.  He was sentenced to 21 months in prison, (which was stayed), and ten years of probation.  Petitioner is currently seeking federal habeas review of that conviction and sentence in Civil No. 11-1030.

In 2004, Petitioner pled guilty in the state district court for Hennepin County to a charge of fifth degree domestic assault.  He was sentenced to 30 days in jail, (which was stayed), and one year of probation.  Petitioner is currently seeking federal habeas review of that conviction and sentence in Civil No. 11-1029.

In 2008, Petitioner pled guilty to five criminal charges in the state district court for Dakota County, Minnesota.  Those five charges were first degree criminal sexual conduct, (Counts One and Two), failure to register with the Bureau of Criminal Apprehension, (Count Three), deprivation of parental rights, (Count Four), and terroristic threats, (Count Five).  After pleading guilty to those offenses, Petitioner was sentenced to 720 months in prison, and "lifetime conditional release."  He is presently serving that sentence at the Minnesota Correctional Facility in Rush City, Minnesota.  Petitioner is seeking federal habeas review of his 2008 Dakota County conviction and sentence in Civil No. 11-1028.

Petitioner did not file a direct state court appeal after his 1994 conviction, nor did he file a direct appeal after his 2004 conviction.  However, Petitioner did file a direct appeal challenging the validity of his 2008 conviction and sentence.  Petitioner contends that he used that appeal to also challenge his 1994 and 2004 convictions, because those two convictions adversely affected the sentence he received for his 2008 conviction.  In

Petitioner's present habeas corpus petitions, he claims that he exhausted his state court remedies for all three of his state court convictions, (i.e., the 1994 case, the 2004 case, and the 2008 case), in his direct appeal following the 2008 conviction.

On July 28, 2009, the Minnesota Court of Appeals rejected all of the arguments that Petitioner raised in his direct appeal – i.e., the appeal that followed his 2008 conviction and sentence.  State v. Michuda, No. A08-1037 (Minn.App. 2009), 2009 WL 2225477 (unpublished opinion).  The Minnesota Supreme Court denied Petitioner's application for further review on October 20, 2009.  Id.

All three of Petitioner's current federal habeas corpus petitions were filed by the Clerk of Court on April 21, 2011.  However, the Eighth Circuit Court of Appeals has held that a pro se prisoner's habeas corpus petition is deemed to have been filed on the date when it is delivered to prison officials for mailing.  Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999).  Petitioner has not submitted an affidavit that shows when he gave his three habeas petitions to prison officials for mailing.  (See Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts.)  However, all three petitions arrived in envelopes dated April 18, 2011, and two of the three petitions were accompanied by cover letters dated April 15, 2011.  Giving Petitioner the benefit of a favorable inference, the Court will assume that Petitioner delivered all three of his petitions for mailing on the date of his two cover letters, namely on April 15, 2011, and that will be deemed the filing date for all three petitions.[2]

---

[2] As a practical matter, it makes no difference when Petitioner tried to mail his petitions.  All three petitions show that they were signed on March 27, 2011, and even if Petitioner had delivered the petitions for mailing on that date, they still would be untimely.

The three current petitions raise a tangled multitude of claims, most of which involve some form of alleged ineffective assistance of counsel. It appears that Petitioner was represented by public defenders in all three of the cases at issue, and he obviously is dissatisfied with the legal representation that he received in all three matters.   Petitioner is also dissatisfied with his legal representation during the course of his direct appeal following his 2008 conviction.

The Court finds, however, that none of Petitioner's current habeas corpus claims can be decided on the merits, because all three of his petitions are barred by the one-year statute of limitations prescribed by federal law.   The Court will therefore recommend that all three cases be summarily dismissed.

## II.  DISCUSSION

The Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), which was enacted in 1996, effected several significant changes in the federal habeas corpus statutes.   One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence.   This statute provides that:

> "**(d)(1)**   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of –
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

4

>retroactively applicable to cases on collateral review; or
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>**(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing in Petitioner's submissions which suggests that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable. In other words, there is no indication that the state created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period; nor is there any indication that Petitioner's claims are based on any newly-recognized and retroactively applicable constitutional right, or any new evidence that could not have been discovered soon enough to file a timely petition. Thus, the Court finds that the one-year limitations period began to run in this case, pursuant to § 2244(d)(1)(A), when the judgments of conviction in Petitioner's three criminal cases "became final by the conclusion of direct review or the expiration of the time for seeking such review."

Petitioner appears to be contending that all three of the convictions at issue, (i.e., the 1994 conviction, 2004 conviction, and 2008 conviction), were still reviewable, and were in fact reviewed, in his direct appeal after his 2008 conviction. Although the Court has grave doubts about that proposition, it will be accepted for now.[3] Thus, the Court will

---

[3] There is no reason to doubt that Petitioner's 2008 conviction was fully reviewable in the direct appeal that followed that conviction. However, the reviewability of Petitioner's 1994 and 2004 convictions is extremely doubtful. Indeed, the Minnesota Court of Appeals expressly ruled that Petitioner's 1994 conviction was not reviewable in the appeal that followed the 2008 conviction. Michuda, 2009 WL 2225477 at * 5. The

assume, for present purposes only, that all three of the convictions at issue in this case were upheld by the Minnesota Supreme Court when that Court denied Petitioner's application for further review on October 20, 2009.

For purposes of § 2244(d)(1)(A), however, the judgments of conviction did not become "final" until the expiration of the deadline for filing a petition for a writ of certiorari with the United States Supreme Court.  Smith v. Bowersox, 159 F.3d 345 (8th Cir. 1998) (state criminal convictions are not final for statute of limitations purposes until the deadline for seeking certiorari has expired), cert. denied, 525 U.S. 1187 (1999).  Certiorari petitions must be filed within 90 days after a final adjudication by a state's highest court. Sup. Ct. R. 13.1.  Thus, for purposes of § 2244(d)(1)(A), Petitioner's judgments of conviction became "final" on January 18, 2010, (the expiration date of the 90-day deadline for seeking certiorari review in the United States Supreme Court), and the one-year federal statute of limitations began to run in this case the next day – January 19, 2010.  The statute of limitations expired one year later, on January 19, 2011.

However, Petitioner's present habeas corpus petitions were not filed until April 15,

---

State Court of Appeals did not mention Petitioner's 2004 conviction in Michuda, which suggests that Petitioner might not have even attempted to directly challenge that conviction in his direct appeal of the 2008 conviction.  Moreover, even if Petitioner did challenge his 1994 and 2004 convictions in his direct appeal, and even if those convictions were properly before the Minnesota appellate courts, it appears that the federal habeas statute of limitations would have expired, (for the 1994 and 2004 convictions), long before Petitioner's direct appeal was filed.  Nevertheless, the Court will assume, just for now, that Petitioner's 1994 and 2004 convictions were reviewable, and reviewed, on his direct appeal from the 2008 conviction, and that the federal habeas statute of limitations did not begin to run, for any of the three convictions at issue here, until that direct appeal was completed.  The Court is also presently accepting Petitioner's assertion that he is still "in custody" for his 1994 and 2004 convictions, (for purposes of § 2254(a)), even though that too appears to be a very dubious proposition.

2011, which was almost three months after the statute of limitations expired.[4]  Therefore, the present petitions are clearly barred by the one-year statute of limitations, unless they are saved by the available tolling provisions.

The habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner files a state post-conviction motion, or otherwise seeks collateral relief, in a procedurally proper state court proceeding.  The statute remains tolled during the entire period of time that such collateral proceedings continue to be pending in any state court, including the state appellate courts.  Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999). In this case, however, Petitioner never filed any post-conviction motions in any of the three state criminal cases at issue here.  Therefore, the tolling provision of § 2244(d)(2) has no bearing on the present statute of limitations analysis.

Petitioner's submissions indicate that after he completed his direct appeal, (following his 2008 conviction), he attempted to file a document with the Minnesota Supreme Court that presented several complaints about the public defenders who represented him in his state criminal cases.  However, Petitioner has cited no legal authority suggesting that his submission to the State Supreme Court could constitute "a properly filed application for State post-conviction or other collateral review" of his convictions for purposes of § 2244(d)(2).  Petitioner has not shown that he was following any established state court procedure for challenging criminal convictions.  Therefore, his submission to the Minnesota Supreme Court cannot be viewed as a "properly filed"

---

[4] Again, this assumes that all three of Petitioner's convictions became final only upon the completion of his direct appeal after the 2008 conviction – which is quite unlikely. See n. 3, supra.

application for post-conviction relief for purposes of § 2244(d)(2). See Bennett v. Artuz, 199 F.3d 116, 123 (2nd Cir. 1999) (the term "properly filed application" means that "an application for state post-conviction relief [must be] recognized as such under governing state procedures"), aff'd, 531 U.S. 4 (2000); Adeline v. Stinson, 206 F.3d 249, 252 (2nd Cir. 2000) (in order to toll the federal habeas statute of limitations pursuant to § 2244(d)(2), defendants must use a state court procedure that "qualifies as a recognized application for state post-conviction relief;" they cannot simply "create their own methods of seeking post-conviction relief"). Furthermore, Petitioner has offered no reason to believe that he could have secured, (or that he was even seeking), a ruling that actually would have invalidated his convictions. Therefore, Petitioner's anomalous submission to the Minnesota Supreme Court could not have tolled the statute of limitations pursuant to § 2244(d)(2).[5]

---

[5] A website maintained by the Minnesota appellate courts, (macsnc.courts.state.mn.us/pubdoc), provides the docket sheet for Petitioner's self-created submission to the Minnesota Supreme Court. The docket sheet shows that Petitioner commenced that proceeding on January 4, 2010, by filing a petition for a declaratory judgment to determine the constitutionality of Rule 8(b) of the Rules of Lawyers Professional Responsibility. The petition was summarily dismissed, and the matter was closed, by an order of the Minnesota Supreme Court dated January 20, 2010. That order confirms that (a) Petitioner's submission was not procedurally viable, and (b) Petitioner did not seek to overturn his criminal convictions; he sought only a declaratory judgment as to the constitutionality of one of the Rules of Lawyers Professional Responsibility.

Furthermore, the state court record clearly shows that the Petitioner's submission to the Minnesota Supreme Court was dismissed on January 20, 2010. Therefore, even if Petitioner's submission to the Minnesota Supreme Court did toll the statute of limitations pursuant to § 2244(d)(2), the starting date for the one-year limitations would have been extended by only one day – from January 19, 2010, to January 20, 2010. Thus, even if the statute of limitations did not begin to run until January 20, 2010, (when Petitioner's anomalous submission to the State Supreme Court was dismissed), the one-year limitation period still expired long before the current petitions were filed in April 2011.

Finally, the Court has considered whether the doctrine of "equitable tolling" could save the current petitions from being time-barred. See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), cert. denied, 539 U.S. 918 (2003). See also Holland v. Florida, 130 S.Ct. 2549, 2560 (2010) ("like all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases").

However, the Eighth Circuit Court of Appeals has made it very clear that equitable tolling is available only "when extraordinary circumstances beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added). See also White v. Dingle, 616 F.3d 844, 847 (8th Cir. 2010) ("[u]nder the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way"). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'"

---

The website maintained by the Minnesota appellate courts also shows that in October 2010, Petitioner filed a much belated document in his direct appeal, which was identified as a petition for writ of certiorari. That document was immediately returned to Petitioner, because it was not cognizable under any state statute, procedural rule, or case law. That document certainly could not be viewed as a "properly filed application" for state post-conviction relief for purposes of § 2244(d)(2). Furthermore, that document was pending in the Minnesota Supreme Court for just a little over a week before it was rejected and returned to Petitioner. Thus, even if that document had tolled the statute pursuant to § 2244(d)(2), (which it plainly did not), the statute would have been tolled for only a week or two at most – not nearly long enough to alter the untimeliness of the current petitions.

Jihad, 267 F.3d at 806, (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added).

Equitable tolling cannot be based on ordinary non-external excuses such as prisoner ignorance or inadequate legal assistance. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001). Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline. Id.

In this case, Petitioner has not requested equitable tolling, and there is nothing in his submissions which suggests that he could possibly be eligible for equitable tolling. Petitioner obviously believes that the tardiness of his current petitions is somehow attributable to the public defenders who represented him during his state court proceedings. However, he has not offered any specific factual or legal grounds to support that argument.

Some of Petitioner's submissions vaguely suggest that his previous attorneys have not provided him with various records that he purportedly needed to seek federal habeas review. However, Petitioner has not shown that he was unable to file a federal habeas corpus petition without those records, (whatever they might be). Indeed, Petitioner obviously was able to file his three current habeas petitions, even though he still apparently lacks the records he allegedly has been seeking.

Furthermore, equitable tolling is not allowable based on commonplace allegations of attorney incompetence or non-cooperation. Our Court of Appeals has repeatedly held that faulty legal assistance alone does not warrant equitable tolling. See Sellers v. Burt, 168 Fed.Appx. 132, 133 (8th Cir.) (unpublished opinion) (rejecting petitioner's assertion

"that he could not timely file a habeas petition because his state post-conviction attorney failed to communicate with him and did not send his case file"), cert. denied, 549 U.S. 846 (2006); Preston v. State, No. 99-3261 (8th Cir. 2000) (per curiam), 2000 WL 995013 (unpublished opinion) at *1 (affirming district court's determination that petitioner's "inability to timely obtain transcripts from a former attorney 'did not come near' to constituting the required showing of extraordinary circumstances" needed for equitable tolling) (unpublished opinion);  See also Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002) ("[i]neffective assistance of counsel generally does not warrant equitable tolling"), cert denied, 539 U.S. 933 (2003); Kreutzer, 231 F.3d at 463 ("counsel's confusion about the applicable statute of limitations does not warrant equitable tolling"); Greene v. Washington, 14 Fed.Appx. 736, 737 (8th Cir. 2001) (unpublished opinion) (rejecting equitable tolling argument based on alleged mistake by post-conviction attorney).

In sum, Petitioner was not precluded from seeking federal habeas relief in a timely manner because of wholly external extraordinary circumstances.   Rather, it appears that in this case, as in Baker, Petitioner simply was not "diligent in acting to protect his right to federal habeas review of his conviction."   321 F.3d at 772.   Therefore, the tardiness of Petitioner's current habeas corpus petitions cannot be excused based on equitable tolling.

### III.  CONCLUSION

For the reasons discussed above, the Court finds that all three of Petitioner's current habeas corpus petitions are time-barred.   The one-year statute of limitations began to run, for all three petitions, no later than January 19, 2010, the day after

Petitioner's 2008 criminal conviction became final on direct appeal. The statute of limitations expired on January 19, 2011, and Petitioner did not file any of his current habeas corpus petitions until April 15, 2011, (at the earliest). Therefore, all three of the present actions were not filed until after the one-year statute of limitations had expired.

Furthermore, the statute of limitations was never effectively tolled pursuant to § 2244(d)(2), and Petitioner has not shown any legally sufficient grounds to invoke the doctrine of equitable tolling. Thus, the Court concludes that all three of Petitioner's pending habeas corpus are time-barred, and all three of the actions discussed herein must be summarily dismissed with prejudice.

Having determined that all three of Petitioner's habeas corpus petitions must be summarily dismissed pursuant to the applicable one-year statute of limitations, the Court will further recommend that his pending applications to proceed in forma pauperis, ("IFP"), in each of those cases should be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV.  CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would

find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, the Court finds that it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here.  Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about Petitioner's cases that warrants appellate review.  It is therefore recommended that Petitioner should not be granted a COA in any of his present habeas corpus cases.

## V. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's applications for a writ of habeas corpus in Civil No. 11-1028 (ADM/JJK), Civil No. 11-1029 (ADM/JJK), and Civil No. 11-1030 (ADM/JJK), be **DENIED**;

2. Petitioner's applications for leave to proceed in forma pauperis, in Civil No. 11-1028 (ADM/JJK), Civil No. 11-1029 (ADM/JJK), and Civil No. 11-1030 (ADM/JJK), be **DENIED**;

3. All three of the actions addressed herein, Civil No. 11-1028 (ADM/JJK), Civil No. 11-1029 (ADM/JJK), and Civil No. 11-1030 (ADM/JJK), be **DISMISSED WITH PREJUDICE**; and

4. Petitioner should **NOT** be granted a Certificate of Appealability in any of the three actions addressed herein, namely, Civil No. 11-1028 (ADM/JJK), Civil No. 11-1029 (ADM/JJK), and Civil No. 11-1030 (ADM/JJK).

Dated:    May 17, 2011

                                *s/ Jeffrey J. Keyes*
                                JEFFREY J. KEYES
                                United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **June 3, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.   All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.